IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| RE: MICHAEL ALLAN MCNEIL | * | Case No. 12-18903 DER |
| Debtor | * | Chapter 13 |
| _____ | * | Adversary Proceeding No. 12-00829 |
| MICHAEL ALLAN MCNEIL | * | |
| Plaintiff | * | |
| v. | * | |
| V. Peter Markuski Jr. | * | |
| Defendant | * | |

## PLAINTIFF'S/APPELLANT'S OBJECTION AND MOTION TO STRIKE DEFENDANT'S/APPELLEE'S DESIGNATION OF THE RECORD

**COMES NOW**, the Plaintiff/Appellant and opposes Defendant's/Appellant's Designation of the Record (ECF 28) filed on August 28, 2013 and moves to have it striken for the following reason:

1. As to jurisdiction, according *to Amedisys, Inc. v. JP Morgan Chase Manhattan Bank as Trustee (In re Nat'l Century Fin. Enters., Inc.),* 334 B.R. 907, 914 (Bankr. S.D. Ohio 2005)., bankruptcy courts have jurisdiction to here objection concerning designation of the records.

2. Rule 8006 does not spell out how disputes involving a record on appeal should be handled; however, looking to the analogue of Rule 8006--Rule 10(e) of the Federal Rules of Appellate Procedure is appropriate. In *Tobago Bay,* a bankruptcy court

applied Appellate Rule 10(e) to strike items designated in the record on appeal because the "Federal Rules of Bankruptcy Procedure d[id] not provide a method to correct or modify the record on appeal[.]" 142 B.R. at 536. *See also GHR Energy Corp. v. Crispin Co. Ltd. (In re GHR Energy Corp.),* 791 F.2d 1200, 1201 (5th Cir.1986) (noting that Appellate Rule 1O(e) applies to bankruptcy appeals); ... *Collier,* D 8006.03[1] ("It seems sensible to look to the practice and decisions under Appellate Rule 10 for guidelines to understanding Rule 8006.").

3. With the above stated, this court has jurisdiction to hear matters concerning the designation of the record and it can strike the designation of documents.

4. With the above stated, this court has jurisdiction to hear matters concerning the designation of the record and it can correct and it can strike documents that are not proper to be designated.

5. FRAP Rule 10(e) Applies and states:

> (e) Correction or Modification of the Record.
>
> *(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.*
>
> *(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:*
>
>> *(A) on stipulation of the parties;*
>>
>> *(B) by the district court before or after the record has been forwarded; or*
>>
>> *(C) by the court of appeals.*
>
> *(3) All other questions as to the form and content of the record must be presented to the court of appeals.*

6. The issues that is on appeals is the following:

2

Did the trial court error when it Dismissed the Plaintiffs complaint concerning the

discharchabilty, priority, and extent of a lean of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the dischargablity of a debt was determined even though FRPB Rule 7001 mandates that discharchabilty, priority, and extent of a lean of a debt of a debt can only be determined via an adversary proceeding? (ECF 23)

7. The Defendant/Appellee has designated the following (ECF 28):

**Documents from Bankruptcy Case No. 12-18903:**

1. Docket No. 85 – Order Overruling Objection to Claim No. 3.

2. Docket No. 90 – Order Overruling Objection to Claim No. 4.

3. Docket No. 143 – Order Denying Motion to Reconsider.

4. Docket No. 188 – Transcript of Hearing held on 9/25/12, overruling Objections to Claim No. 3 and Claim No. 4.

**Documents from Adversary Case No. -12-0829**

1. Document No. 14 – Supplemental Memorandum of Law filed by Jeffrey W. Bernstein, Esquire.

8. The question on appeal is a straight forward question concerning of law as to whether or not a trial court can not follow FRPB Rule 7001 which mandates a bankruptcy court to decide the discharchabilty, priority, and extent of a lean in an Adversary Proceeding. Therefore in actually the reviewing court concerning the facts needs to look at nothing but the complaint and the order dismissing it since this appeal is a simple question of law and is heard de novo.

9. Since the matter the authority of determining of what should be and should not be in the

3

designation come from 10(e) it seem that FRAP 30 would be the guiding rule to determine what items should be in the record.  FRAP 30 (a) states the following:

> *All Parties' Responsibilities.*
>
> *(1) Determining the Contents of the Appendix. The parties are encouraged to agree on the contents of the appendix. In the absence of an agreement, the appellant must, within 14 days after the record is filed, serve on the appellee a designation of the parts of the record the appellant intends to include in the appendix and a statement of the issues the appellant intends to present for review. The appellee may, within 14 days after receiving the designation, serve on the appellant a designation of additional parts to which it wishes to direct the court's attention. The appellant must include the designated parts in the appendix. The parties must not engage in unnecessary designation of parts of the record, because the entire record is available to the court. This paragraph applies also to a cross-appellant and a cross-appellee.*
>
> *(2) Costs of Appendix. Unless the parties agree otherwise, the appellant must pay the cost of the appendix. If the appellant considers parts of the record designated by the appellee to be unnecessary, the appellant may advise the appellee, who must then advance the cost of including those parts. The cost of the appendix is a taxable cost. But if any party causes unnecessary parts of the record to be included in the appendix, the court may impose the cost of those parts on that party. Each circuit must, by local rule, provide for sanctions against attorneys who unreasonably and vexatiously increase litigation costs by including unnecessary material in the appendix.*

10. FRAP 30(a)(2) states the following:

    > *Excluded Material.* Memoranda of law in the district court should not be included in the appendix unless they have independent relevance. Parts of the record may be relied on by the court or the parties even though not included in the appendix.

11. As noted in paragraph 7 of this pleading, the Defendant/Appellee as designated a "Memorandum of Law", which FRAP 30(a)(2) says should be excluded unless it has some kind of independent relevance.  Upon looking at the document it is just that what it title's itself to be, a memorandum from the opposing attorney exposing the same legal opinions that he will more than likely expose in his brief.

12. As to the other documents, designated by the Appellee, it is doubtful that either party will reference these documents whereas they can and should just reference the order dismissing the Appellee's case which clearly outlines the facts of the case and the legal reasoning that this court used it deciding to dismiss the case. Again, all other documents are not necessary except for the Complaint, and this court's order dismissing the case.

13. With this opposition and motion to strike the Appellant gives notice that he will not include in the Appendix any documents designated in the Appendix unless the Appellee forward to him copies of the documents and the cost for reproduction in accordance with FRAP 30 (b)(2).

14. The Appellee Markuski designated these documents to vex the Appellant.

**WHEREFORE,** the Appellant/Debtor prays that this court would strike the aforementioned documents from the record that is to go forward as part of the appeal noted in this case.

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com