# EXHIBT B

**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: ) | | |
| ) | | |
| **MICHAEL A. McNEIL,** ) | Case No. 12-18903-DER | |
| ) | Chapter 7 | |
| Debtor. ) | | |
| _____ ) | | |
| ) | | |
| **MICHAEL A. McNEIL,** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Adv. Pro. No. 12-0829-DER | |
| ) | | |
| **V. PETER MARKUSKI, JR.,** ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

### ORDER DENYING REQUEST FOR CERTIFICATION

Before the court for consideration is the Request for Certification [Docket No. 25] filed by the plaintiff, Michael A. McNeil. Michael McNeil represents himself as the plaintiff in this adversary proceeding. He filed a timely Notice of Appeal [Docket No. 18] with respect to this court's Order Granting Motion to Dismiss Adversary Proceeding [Docket No. 16]. By his Request for Certification, Michael McNeil asks this court to certify his appeal for direct appeal to

the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 158(d)(2) and Rule 8001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The defendant, V. Peter Markuski, Jr., was served with, but did not respond to, the Request for Certification.

Bankruptcy Rule 8001(f)(3)(E) provides that a request for certification "shall be submitted without oral argument unless the court otherwise directs." I find that a hearing would not aid the court in ruling on this matter.

This court should make the requested certification pursuant to 28 U.S.C. § 158(d)(2)(A)(i-iii) if the appeal presents any one of following four circumstances: (1) the appeal involves a question of law as to which there is no controlling precedent, (2) the appeal involves a matter of public importance, (3) the appeal involves a question of law that requires resolution of conflicting decisions, or (4) an immediate appeal may materially advance progress of the case or proceeding.[1] I have considered each of the four circumstances specified in the statute as well as the various arguments made by Michael McNeil in support of his request for certification of this appeal, and I find that the appeal does not meet any of the four statutory circumstances justifying certification. Thus, the Request for Certification must be denied.

ACCORDINGLY, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that the Request for Certification [Docket No. 25] should be, and it hereby is, DENIED.

---

[1] As provided in § 158(d)(2) and Bankruptcy Rule 8001(f), this court must rule on a request for certification where (as here) the request is made by less than all of the appellants and appellees acting jointly, and the appeal has not yet been docketed in the district court.

cc:    Plaintiff – Michael A. McNeil
       Defendant – V. Peter Markuski, Jr.
       Defendant's Counsel – Jeffrey Wayne Bernstein, Esq.
       Chapter 7 Trustee – Brian A. Goldman
       Assistant U.S. Trustee – Mark A. Neal

**-- END OF ORDER --**