IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

IN RE: MICHAEL ALLAN MCNEIL          *

MICHAEL ALLAN MCNEIL,                *

    Appellant,                       *

        v.                           *   CIVIL NO.: WDQ-13-2569

V. PETER MARKUSKI, JR.,              *

    Appellee.                        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ORDER

    Michael Allan McNeil, *pro se*, moves unopposed to consolidate two pending bankruptcy appeals--case numbers WDQ-13-2788 ("Drazin Appeal") and WDQ-13-2569 ("Markuski Appeal"). ECF No. 12.

    Federal courts possess inherent authority to consolidate actions that arise out of the same controversy.[1] "Cases need not share complete identity of law or facts for consolidation to be appropriate." *Leonard v. Stemtech Int'l, Inc.*, No. 12-86-LPS-CJB, 2012 WL 3655512, at *11 (D.Del. Aug. 24, 2012). The decision to consolidate is "necessarily committed to trial court

---

[1] *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); Fed.R.Civ.P. 42(a)(2); *see also Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (stating that policies of judicial economy generally favor the consolidation of related actions).

discretion." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982). When exercising this discretion, district courts should

> weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (*citing Arnold*, 681 F.2d at 193).

Both of these bankruptcy appeals arise out of the same events--McNeil's highly contested divorce from Sarah McNeil in the Circuit Court for Howard County, Maryland, the Circuit Court's order for McNeil to pay a portion of Stephen A Drazin's and V. Peter Markuski Jr.'s attorneys fees generated in that case, and McNeil's subsequent bankruptcy filing and attempts to discharge his debts to Drazin and Markuski. *See* ECF No. 1-1 at 3-5 (Markuski Appeal); ECF No. 1-7 at 2-4 (Drazin Appeal). Both appeals challenge the Bankruptcy Judge's dismissal of McNeil's adversary complaint against Drazin and Markuski on grounds of res judicata and collateral estoppel and the Bankruptcy Judge's determination that Drazin's and Markuski's fees are not dischargeable in bankruptcy. *See* ECF Nos. 1-1 at 8, 12 at 2 (Markuski Appeal); ECF No. 1-7 at 7 (Drazin Appeal). Thus, these cases have nearly identical issues of law and fact, and

consolidation is unlikely to result in inconsistent adjudication of these common issues. Also, there is no opposition to consolidation. The Court will grant the motion to consolidate.

Accordingly, it is this 7th day of January, 2014, ORDERED that:

1. McNeil's motion to consolidate, (ECF No. 12), BE, and HEREBY IS, GRANTED:

    a. The Clerk of the Court shall CONSOLIDATE case numbers WDQ-13-2788 and WDQ-13-2569 under case number WDQ-13-2569;

2. McNeil shall pay the filing fee within fourteen days of the date of this Order. Failure to pay may result in the dismissal of the consolidated appeals; and

3. The Clerk of the Court shall send copies of this Order to all parties in the consolidated appeal.

_____
William D. Quarles, Jr.
United States District Judge